# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIM PERRY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13-1436-MLB<br>) |
| JIM PRINGLE, | )<br>) |
| Defendants. | )<br>) |

## **REPORT AND RECOMMENDATION**

This matter is before the court on the plaintiff's motion for leave to proceed in forma pauperis (Doc. 3). For the reasons stated below, the court recommends that plaintiff's motion be DENIED and that this matter be dismissed. Because denial of in forma pauperis status is a dispositive action,[1] the undersigned Magistrate Judge issues this report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B).

## **Background**[2]

Plaintiff claims that on or about November 2012, he attempted to file documents in the Cowley County District Court in a child support matter.[3] The defendant, Honorable James T. Pringle, Jr., is a district court judge in Cowley County, Kansas. Plaintiff

---

[1] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Gee v. Estes*, 829 F.2d 1005, 1006 (10th Cir. 1987).

[2] These facts are taken from the Complaint (Doc. 1) and the Supplement to Complaint (Doc. 4) filed by plaintiff.

[3] On his proposed Summons, plaintiff includes a second plaintiff, a non-profit organization titled Tap House 2001, Inc. ("Tap House") (Doc. 1 at 8-9). Plaintiff cannot properly pursue this claim on behalf of Tap House as a non-attorney corporate officer appearing pro se. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (internal citation omitted).

alleges that the clerk of the district court did not allow him to file his documents and contends that he was "given an improper sentence" by Judge Pringle in 2003.

Plaintiff claims that he is entitled to relief because Judge Pringle and his staff "failed to adhere to the court rules" and were therefore negligent. Plaintiff charges Judge Pringle with treason, obstruction of justice, conspiracy, and violation of his civil rights. Plaintiff also claims intentional infliction of emotional distress. Plaintiff seeks actual damages and punitive damages in the amount of $50,000,000.

**Analysis**

A federal court may authorize a plaintiff to proceed with a lawsuit in forma pauperis (without prepayment of fees) where the plaintiff supplies an affidavit that shows he is unable to pay such costs.[4] In forma pauperis status is a privilege, not a right, and it is within the court's sound discretion to grant or deny plaintiff's request.[5] Under 28 U.S.C. § 1915(e)(2)(B), the court may dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[6]

Plaintiff proceeds pro se and therefore his pleadings must be liberally construed.[7] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized

---

[4] 28 U.S.C. § 1915(a)(1).
[5] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. Apr. 11, 2013) *aff'd*, 2013 WL 5878803 (10th Cir. Nov. 4, 2013); *see also Graham v. Sec'y of Health & Human Servs.*, 785 F. Supp. 145, 146 (D. Kan. 1992) ("The privilege to proceed in forma pauperis, however, is not absolute.").
[6] 28 U.S.C. 1915(e)(2)(B).
[7] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

legal claim could be based,"[8] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[9] As discussed below, plaintiff's claims should be dismissed for failing to meet this burden.

I. **Failure to meet the standards of 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff contends, in part, that Judge Pringle's actions amount to treason and obstruction of justice. However, even if plaintiff had supplied sufficient fact to support these claims, which he does not, the claims are not plausible because plaintiff may not bring a civil cause of action for an alleged violation of criminal statutes.[10]

Plaintiff's claims of conspiracy and violation of his civil rights are entirely conclusory. The Complaint neither supplies facts which would support an allegation of conspiracy, nor does it identify what civil rights may have been violated. Further, to the extent that plaintiff challenges any sentence given him by Judge Pringle in 2003, this filing is an improper procedure by which to do so and it is likely that in the ten years after the alleged sentence any limitations period on such a challenge has been extinguished during that time.

Plaintiff alleges that the defendant "intentionally inflicted stress" on him.[11] Kansas law does provide a cause of action for intentional infliction of emotional

---

[8] *Id*.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[10] *See Rader v. Masterson*, 2013 WL 1151275, at *4 (D. Kan. Mar. 19, 2013).
[11] (Suppl. to Compl., Doc. 4, at 1.)

distress.[12] However, plaintiff provides no facts which support a claim that defendant acted in an "extreme and outrageous manner" or that plaintiff's emotional distress was "so severe that no reasonable person should be expected to endure it."[13]

Because his complaint requests in forma pauperis status, plaintiff's claims are "subject to sua sponte dismissal by the district court under § 1915(e)(2) if it is clear from the face of the complaint that the claim is frivolous or malicious."[14] To determine whether an action is frivolous, the court must evaluate whether the plaintiff can provide a rational argument on the facts or law in support of his claim.[15] It is clear from the face of the complaint that the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face,"[16] and therefore the complaint is recommended for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i, ii).

In addition, plaintiff appears to have named Judge Pringle solely in his official capacity as a district judge. Therefore, to the extent that plaintiff's claims arise from official acts taken by Judge Pringle in his capacity as District Court Judge, plaintiff's claims are barred by judicial immunity.[17] Plaintiff seeks monetary damages against an

---

[12] *Sawyer v. Sw. Airlines Co*., 243 F. Supp. 2d 1257, 1273 (D. Kan. 2003) *aff'd*, 145 F. App'x 238 (10th Cir. 2005) (citing *Moore v. State Bank of Burden,* 240 Kan. 382, 388, 729 P.2d 1205 (1986)).
[13] *Id*. at 1274-75.
[14] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 795 (10th Cir. 2011)
[15] *Graham* (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).
[16] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] *See Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1257 (D. Kan. 2004) (discussing judicial immunity); *see also Roemer v. Crow*, 993 F.Supp. 834, 836 (D. Kan. 1998) (stating, "Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity.").

immune defendant; therefore this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. Additional frivolous litigation

Plaintiff's pro se status does not permit him to engage in repetitive, frivolous litigation.[18] Such filings can "compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[19] Since October 8, 2013, plaintiff has filed four (4) civil actions in this court, including this matter and the following cases: *Perry v. Ark City Police Department*, 13-1383-MLB (filed Oct. 8, 2013); *Perry v. City Clerk of Winfield, Kansas*, 13-1408-MLB (filed Oct. 28, 2013) and *Perry v. Cowley County Community College*, 13-1425-JTM (filed Nov. 12, 2013). This court recommends dismissal of the three actions currently assigned to the undersigned U.S. Magistrate Judge.[20]

**Recommendation**

**IT IS HEREBY RECOMMENDED** that plaintiff's motion to proceed without

---

[18] *Webb v. Vratil*, 12-2588-EFM, Doc. 8, at 2 (citing *McWilliams v. State of Colo.*, 121 F.2d 573, 574 (10th Cir. 1997)).
[19] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. April 11, 2013) (citing *Sieverding v. Colorado Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal citations omitted)).
[20] *See Perry v. Ark City Police Dep't*, 13-1383-MLB (Doc. 6); *Perry v. City Clerk of Winfield,*

payment of fees (**Doc. 3**) be **DENIED**.   **IT IS FURTHER RECOMMENDED** that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B).   **IT IS FURTHER RECOMMENDED** that the district court consider imposition of filing restrictions on plaintiff's future filings in order to protect the court from any strain on its resources, as previously found reasonable by this court.[21]

Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this recommendation and report.  Failure to make a timely objection waives appellate review of both factual and legal issues.[22]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of December, 2013.

    /S Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

*Kansas*, 13-1408-MLB (Doc. 5).
[21] *See Blaylock*, 2013 WL 1491207, at *4-6; *Brooks v. 10th Cir. Court of Appeals*, 10-2452-MLB, Doc. 44 (D. Kan. Sept. 28, 2010); *Graham v. Sec'y of Health and Human Svcs.*, 785 F. Supp. 145, 146-47 (D. Kan. 1992).
[22] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).