**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
TIM PERRY,                    )
                              )
              Plaintiff,      )    CIVIL ACTION
                              )
v.                            )    No. 13-1436-MLB
                              )
JIM PRINGLE,                  )
                              )
              Defendant.      )
                              )
```

**MEMORANDUM AND ORDER**

This case comes before the court on the following:

1) Chief Magistrate Karen Humphrey's report and recommendation (Doc. 4) denying plaintiff's motion to proceed in forma pauperis and recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);

2) Plaintiff's objection (Doc. 6).

**I.  Standards**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear.  See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed.  See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is de novo.  Thus, the Recommendation and Report is given no presumptive weight.  See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**II. Analysis**

Plaintiff filed this action against Jim Pringle, a district court judge in Cowley County, Kansas.  In his complaint, plaintiff claims

that his civil rights were violated after a member of Judge Pringle's staff refused to accept documents in a child support case. The staff member told plaintiff that the documents could not be "turned into her because [plaintiff] didn't get them from her." (Doc. 1 at 3). Plaintiff had downloaded the documents from the internet. Additionally, plaintiff alleges that Judge Pringle gave him an improper sentence in 2003.

After a thorough analysis, the magistrate held that plaintiff's claims were frivolous and, therefore, recommended dismissal. In his objection, plaintiff restates the same conclusory facts set forth in the complaint. Plaintiff, however, makes no attempt to specifically identify error in the magistrate's order.

As discussed by the magistrate, plaintiff's claims are barred by the doctrine of judicial immunity. Judges have absolute immunity from civil liability for judicial acts, unless those acts were clearly in absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 357 (1978).

**III. Conclusion**

Therefore, plaintiff's objections to Chief Magistrate Judge Humphrey's December 19, 2013, Order are OVERRULED (Doc. 6) and the court adopts the report and recommendation in its entirety. (Doc. 4). This action is dismissed, with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii). No motion for reconsideration will be allowed. Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated this  14th    day of January 2014, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE